# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

DAVID O'NEILL and JANET O'NEILL SULLIVAN, individuals, and THE ROSE O'NEILL FOUNDATION,

          Plaintiffs,

v.          No. 06-3017-CV-SW-FJG

JESCO IMPORTS, INC., a California corporation,

          Defendant.

# ORDER

Currently pending before the Court is Defendant's Motion to Dismiss or Transfer (Doc. # 2).

## I. BACKGROUND

On January 17, 2006, plaintiffs filed a Complaint for Declaratory Judgment. Plaintiffs in their Complaint are asking this Court to declare that they have the right to use the terms "kewpie" "kewpies" "Rose O'Neill Kewpie" or "Rose O'Neill" in connection with the sale of goods and services in the United States. Plaintiffs are descendants of Rose O'Neill, the inventor of the kewpie doll.[1] On June 17, 1997, plaintiff David O'Neill filed an application to register ROSE O'NEILL KEWPIE (stylized) with the United States Patent and Trademark Office. Plaintiffs also offer in commerce and use the terms "kewpie" "kewpies" "Rose O'Neill kewpie" and "Rose O'Neill." Plaintiffs and defendant, Jesco Imports, Inc. have an ongoing dispute as to the identity of the party possessing

---

[1] A kewpie doll has been defined in this litigation as a "small, fat-cheeked, wide-eyed doll with a curl of hair on top of the head." (Plaintiffs' Suggestions in Reply, pp. 4-5, quoting Webster's II, New Riverside University Dictionary (1988).

the exclusive rights to use these terms. Jesco has received a number of registrations and filed applications to register trademarks with the United States Patent and Trademark Office that include the words "kewpie" "Rose O'Neill kewpie" or "Rose O'Neill." Jesco alleges that it acquired some of the various trademark registrations from the Estate of Joseph Kallus. Joseph Kallus acquired certain rights from the Estate of Rose O'Neill. Plaintiffs state that the defendant has sued unrelated third parties in California state court alleging infringement of the right to use these terms in connection with the sale of goods. Additionally, plaintiffs state that Jesco has opposed David O'Neill's application to register the ROSE O'NEILL KEWPIE (stylized) with the Patent and Trademark office, which opposition is currently pending in front of the United States Patent and Trademark Office, Trademark Trial and Appeal Board ("TTAB"). Plaintiffs state that they believe that Jesco may sue them at any time alleging infringement of defendant's rights to use "kewpie" "kewpies" "Rose O'Neill kewpie" or "Rose O'Neill." Plaintiffs ask the Court to declare in this action: 1) that they have the right to use the terms "kewpie" "kewpies" "Rose O'Neill kewpie" or "Rose O'Neill" in connection with the sale of goods and services in the United States; 2) the defendant does not have the exclusive right to use the terms; 3) plaintiffs have not infringed or induced others to infringe; 4) the terms are generic, or have otherwise become so common as to be within the public domain; and 5) that all expenses incurred in this action be borne by the defendant.

## II. STANDARD

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52 F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997) (citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe, 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted). Defendant moves to dismiss plaintiff's Complaint because plaintiffs have no reasonable apprehension of suit and thus there is no actual controversy for the Court to consider.

Plaintiffs state that because Jesco submitted documents outside the pleadings, including an affidavit, pleadings before the TTAB and various correspondence, that Jesco's motion should be treated as one for summary judgment, rather than a motion to dismiss.

The Court does not find any reason to convert Jesco's motion into a summary judgment motion. In Ideal Instruments, Inc. v. Rivard Instruments, Inc., 434 F.Supp.2d 598, 618 n.5 (N.D. Iowa 2006), the Court stated:

3

On a motion to dismiss pursuant to Rule 12(b)(6), the court ordinarily cannot consider matters outside of the pleadings, unless the court converts the Rule 12(b)(6) motion into a motion for summary judgment pursuant to Rule 56. *See* Fed. R. Civ. P. 12(b)(6); *see* also <u>Buck v. F.D.I.C.</u>, 75 F.3d 1285, 1288 & n. 3 (8th Cir.1996). However, on a motion to dismiss, the court may consider certain matters outside of the pleadings without converting the motion into a motion for summary judgment. For example, the court may consider documents outside of the pleadings where "the plaintiffs' claims are based solely on the interpretation of the documents [submitted] and the parties do not dispute the actual contents of the documents." <u>Jenisio v. Ozark Airlines, Inc., Retirement Plan</u>, 187 F.3d 970, 972 n. 3 (8th Cir.1999) (citing <u>Silver v. H & R Block, Inc.</u>, 105 F.3d 394, 397 (8th Cir.1997)). The court may also take judicial notice of public records, such as the docket and pleadings of pending judicial proceedings, pursuant to Rule 201 of the Federal Rules of Evidence.

Additionally, in <u>Inter. Motor Contest Ass'n. Inc. v. Staley</u>, 434 F.Supp.2d 650 (N.D.Iowa 2006), the Court noted, "even where matters outside of the pleadings are presented to the court, a motion to dismiss is not converted into a motion for summary judgment where the district court's order makes clear that the judge ruled only on the motion to dismiss." <u>Id</u>. at 658 (internal citations and quotations omitted). The Court declines to convert Jesco's Motion to Dismiss into a Motion for Summary Judgment.

### III. DISCUSSION

[T]he Declaratory Judgment Act provides that [i]n a case of actual controversy within its jurisdiction . . ., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. § 2201(a). In addition, . . . for a federal court to have jurisdiction over an actual controversy, a federal question arising under the Constitution, laws or treaties of the United States must be involved, 28 U.S.C. § 1331, since it is well-settled that the Declaratory Judgment Act does not expand the jurisdiction of the federal courts. . . . Thus, the court must first determine whether a federal question exists, and, if it does, whether the dispute presents a substantial controversy or merely an abstract question.

4

Post Performance, LLC v. Renaissance Imports, Inc., 333 F.Supp.2d 834, 837 (E.D.Mo. 2004)(internal citations and quotations omitted).

In ADC Telecommunications, Inc. v. Switchcraft, Inc., No. Civ. 04-1590 ADM/JSM, 2005 WL 3487740 (D.Minn. Dec. 21, 2005), the Court stated:

> The Federal Circuit has developed a two part test for determining in the patent-based declaratory judgment context whether there is a sufficient case or controversy to give rise to jurisdiction: there must be both (1) an explicit threat or other action by [ADC], which creates a reasonable apprehension [in Switchcraft] that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity. . . . The burden is on [Switchcraft] to establish that jurisdiction over its declaratory judgment action existed at, and has continued since, the time the [counterclaim] was filed.

Id. at *3 (internal citations and quotations omitted).

Jesco argues that plaintiffs' Complaint should be dismissed because plaintiff's have no reasonable apprehension of suit. Jesco argues that just because it opposed David O'Neill's intent-to-use application in the TTAB proceedings, this is not sufficient, as this proceeding has been pending now for several years and David O'Neill represented to the TTAB that he still had not sold any products. Jesco notes that Article III requires that a dispute must be "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941). Even if the Court does not believe that dismissal is appropriate, Jesco alternatively moves for transfer to the Central District of California.

Plaintiffs respond that Jesco has undertaken aggressive efforts to preclude others from using the words "Kewpie," images of Kewpie dolls or the name "Rose O'Neill." Plaintiffs state that Jesco undertook action to stop the shipment of metal trays which plaintiffs had manufactured which bore the image of an original Rose O'Neill Kewpie

5

doll[2]. Additionally, plaintiffs state that Jesco prevented an individual from making cloth throws bearing the image of a Rose O'Neill doll even though the throw did not include the word "Kewpie." Plaintiffs state that even though this person is not a named plaintiff, "that occurrence affords Plaintiffs' apprehension and concern to conduct any further business particular to the dolls, the word "Kewpie" or the name Rose O'Neill until a final decision has been made by this Court as to ownership rights, if any, that Jesco may have." (Plaintiffs' Suggestions in Opposition, p. 3).

Plaintiffs also argue that they have an imminent fear or apprehension of being sued by Jesco. They state in their Suggestions in Opposition, "[i]t is a foregone conclusion that Jesco will sue them for trademark infringement regardless of the outcome of the TTAB proceedings." (Suggestions in Opposition, p. 11). However, there is no discussion or explanation as to why plaintiffs believe this. The only actions which plaintiffs point to are a cease and desist letter which Jesco sent to Janet and David Sullivan on April 8, 2003. However, plaintiffs have cited to no other actions on Jesco's behalf which would indicate that they intend to sue. Nor is there anything in the pleadings or motions which substantiates or supports this assertion, other than plaintiffs' conclusory statement. Therefore, the Court finds that plaintiffs have failed to meet the first prong of the test - reasonable apprehension of an infringement suit.

Plaintiffs argue that they have met the second prong of the test, because they have engaged in a course of conduct which brought them into adversarial conflict with the defendant. They state that they have been involved in promoting and selling

---

[2] The Court notes however that there is no indication when this occurred.

products displaying the Rose O'Neill created images on goods and articles related to the Kewpie dolls for most of their lives.  They have promoted Rose O'Neill designed products, the Rose O'Neill museum and have even written a book about Rose O'Neill and about the various dolls and products she created.  While it may be true that the plaintiffs have been promoting various items, books, the museum etc.,  the only action which has brought plaintiffs into direct adversarial conflict with Jesco is David O'Neill application to register the trademark - "ROSE O'NEILL KEWPIE" on cookie jars. However, this application was filed in 1997 and has been pending for several years. David O'Neill even represented to the TTAB that he is not yet selling his product. Therefore, the Court finds that plaintiffs have failed to met the second prong of the test.

Because plaintiffs have failed to meet either prong of the test, the Court does not find that there is a sufficient case or controversy of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  Maryland Cas. Co., 312 U.S. at 273.

## IV. CONCLUSION

Accordingly, the Court hereby **GRANTS** defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. # 2).


Date:  September 12, 2006  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge